IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

DAVID ELLIS

    Plaintiff

v.

No. 3:05-CV-223 JORDAN/
JURY DEMANDED  GUYTON
EER

TAMMY PRESSNELL, TURNKEY TRANSPORTATION SERVICES, L.L.C.
And BECHTEL JACOBS COMPANY, L.L.C.

    Defendants

## COMPLAINT

1. This is a complaint for damages filed by the plaintiff David Ellis (hereinafter "plaintiff") against the defendants for interference with contract, misrepresentation, libel, civil conspiracy and interference with prospective economic advantage or business relations.

2. The plaintiff is a citizen and resident of Loudon County, Tennessee residing at 8325 Beals Chapel Road, Lenoir City, Tennessee 37772.

3. The defendant Tammy Pressnell (hereinafter "defendant Pressnell") is upon information and belief a citizen and resident of Anderson County, Tennessee.

4. The defendant Turnkey Transportation Services, L.L.C., (hereinafter "defendant Turnkey") is a Tennessee limited liability company with an office and place of business at 659 Emory Valley Road, Suites A and B, Oak Ridge, Tennessee 37831. Said defendant may be served with process through its registered agent Steven E. Schmidt at S-400 550 Main Street, Knoxville, Tennessee 37902.

5. The defendant Bechtel Jacobs Company, L.L.C. (hereinafter "defendant BJC") is a limited liability company doing business in Roane County, Tennessee. Said defendant may be served with process through its agent for service, C.T. Corporations Systems, 530 S. Gay Street, Knoxville, Tennessee 37902.

6. In May 2004, the defendant Pressnell was an employee or agent of the defendant Turnkey and was acting on behalf of said defendant and within the scope of her agency with respect to the events described herein occurring during that time frame. Hence, all tortious acts of the defendant Pressnell occurring during said time frame complained of herein are imputed and chargeable to the defendant Turnkey under principles of agency and respondeat superior.

7. At some point after May 2004, the defendant Pressnell became an employee or agent of the defendant BJC in said defendant's transportation department. Hence, all tortious acts of the defendant Pressnell occurring from said point to the present within the scope of her employment relationship with the defendant BJC are imputed and chargeable to the defendant BJC under principles of agency and respondeat superior.

8. The tortious acts herein complained of occurred in Roane and Anderson Counties, Tennessee and all of the defendants transact business in these Counties.

9. The plaintiff is a transportation consultant who at all times material provided consulting services to various transportation companies in East Tennessee. The scope of the plaintiff's work included, but was not limited to, providing consulting services for companies performing transportation and waste management services at the United States Department of Energy (hereinafter USDOE) facilities in Roane and Anderson Counties, Tennessee under the supervision of the current primary contractors at said facilities.

10. At all times material, the defendant BJC was the primary contractor for the USDOE at the K-25 site in Roane County, Tennessee. The defendant BJC's contract with USDOE covered substantial projects at K-25 involving removal, transportation and disposal and/or management of hazardous wastes. Furthermore, the defendant BJC and/or its affiliated businesses also performed substantial transportation and waste disposal contracts at other USDOE sites in East Tennessee, including ORNL X-10.

11. At all times material, the plaintiff had an ongoing business relationship with several of the transportation companies providing services at the USDOE facilities and his economic opportunities with said companies and with the defendant BJC were substantial. These business relationships and economic opportunities were within the knowledge of the defendants Pressnell and Turnkey who, in the May 2004 time-frame and beyond, assisted in motor carrier evaluations for the defendant BJC and USDOE for prospective motor vehicle carriers at the USDOE facilities.

12. At all times material herein, the plaintiff was qualified, by virtue of his training and experience, to serve as a transportation specialist in accordance with the qualifications set forth in the "Transportation Technical Specification Manual". The aforesaid manual is the guiding document for approval of transportation specialists for contractors at the USDOE facilities.

13. On or about May 20, 2004, Sevenson Environmental Services (hereinafeter Sevenson) designated the plaintiff to serve as its transportation specialist for work being done by Sevenson for the defendant BJC at the ORNL X-10 site. The defendants knew of this business relationship and that this project was anticipated to last for a number of months.

14. On or about May 26, 2004, the plaintiff was informed that the defendant BJC, through its employees and/or agents, would not approve the plaintiff to serve as waste

certification officer and transportation specialist on a project at the ORNL X-10 Site in Roane County, Tennessee.

15. Following the disapproval of the plaintiff on the aforementioned project at X-10, the plaintiff was advised that he would not be approved as waste certification officer and transportation specialist on any projects under the management of the defendant BJC for USDOE. This refusal to approve the plaintiff has continued at least through the filing of this complaint.

16. The disapproval of the plaintiff on the X-10 project and the refusal of the defendant BJC to consider approving the plaintiff on other projects under the management of the defendant BJC has resulted in actual and prospective economic losses for the plaintiff and actual and prospective economic losses generally within the transportation industry.

17. On or about February 18, 2005, the defendant BJC, through counsel, advised the plaintiff that the plaintiff was allegedly not approved to provide transportation consulting services on projects at the USDOE facilities due to certain accusations of the defendant Tammy Pressnell. A copy of a memorandum allegedly prepared by the defendant Pressnell was furnished to the plaintiff in which the defendant Pressnell erroneously suggested to the USDOE and others involved in the transportation industry in East Tennessee that the plaintiff had made threats against her and the defendant Turnkey prior to a motor carrier evaluation for one of the plaintiff's clients.

18. The aforesaid accusations were false and were made recklessly and maliciously with an intent to embarrass and damage the business reputation of the plaintiff and did in fact interfere with the plaintiff's contractual arrangements with transportation companies in the East Tennessee area and his prospective economic advantanges in the transportation field generally.

Said false accusations constitute interference with contract and prospective business relations, misrepresentation and libel

19. These unfounded accusations moreover were communicated to Brady Lester, a transportation representative for the USDOE, and to the defendant BJC. Both defendants either knew, or in the exercise of due diligence, should have known, that said accusations were false. Instead of investigating these accusations to determine their veracity, Mr. Lester conspired with the defendants to rely upon the same as a pretextual basis for disapproving the plaintiff as a transportation specialist on projects under the management of the defendant BJC.

20. The defendant Pressnell, after becoming an employee and agent of the defendant BJC, has continued to interfere with the plaintiff's contracts and business relations by not retracting these false accusations that have been adopted by the defendant BJC as a pretextual justification for said defendant's ongoing refusal to approve the plaintiff. These false statements continue to damage the plaintiff in his business relations and in his personal reputation and constitute slander as well as interference with contract and business relation.

21. The plaintiff avers that the defendant BJC's ongoing refusal to approve the plaintiff on projects under its supervision is in reality based upon reports of health and safety concerns made by the plaintiff both prior to and after May 2004.

22. The ongoing refusal of the defendant BJC to approve the plaintiff on projects under the management of BJC based on the aforesaid pretextual reasons constitutes an ongoing civil conspiracy, retaliation for past acts of the plaintiff in reporting health and safety concerns and interference with contract and interference with prospective economic advantage for which the plaintiff is entitled to recover damages.

WHEREFORE, premises considered, plaintiff prays that process issue and be served on the defendants who should be required to answer, but not under oath, and that upon a hearing of this cause the plaintiff be awarded compensatory damages in the amount of $2,500,000.00 and punitive damages in the amount of $15,000,000.00.

PLAINTIFF DEMANDS A JURY TO TRY THIS CAUSE.

Respectfully submitted this 29th day of April, 2005.

David Ellis, Plaintiff

John D. Agee, BPR# 013694

Cooley, Cooley & Agee
339 W. Race Street
P.O. Box 730
Kingston, TN 37763
(865) 376-9100